# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 6:06-cr-00004-1 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **MARCUS NIKITA JENNINGS,** ) | By: Norman K. Moon |
| Defendant. ) | United States District Judge |

This matter is before me on Petitioner Marcus Jennings' ("Petitioner" or "Jennings") "Motion for Amended Judgment and Commitment Order Nunc Pro Tunc" (docket no. 73). For the reasons stated in this opinion, I will deny Petitioner's motion.

## I. BACKGROUND

On August 27, 2008, Jennings pleaded guilty to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On November 21, 2008, I sentenced Jennings to a one hundred eighty-eight month term of imprisonment, with a four year period of supervised release. In his current submission, Jennings represents that he has served approximately three years and seven months of his federal sentence in Virginia custody. Jennings claims the Federal Bureau of Prisons failed to credit this time in calculating his time served at the federal level and requests an order correcting this perceived error.

## II. DISCUSSION

The United States Attorney General has the responsibility for executing federal sentences. *See United States v. Wilson*, 503 U.S. 329, 331 (1992) (interpreting 18 U.S.C. § 3621(a)). The Attorney General has delegated this authority to the Bureau of Prisons ("BOP"), which has "established regulations governing formal review of inmate complaints relating to any aspect of imprisonment," including prior state custody credit. *United States v. Lucas*, 898 F.2d

1554, 1556 (11th Cir. 1990). Judicial review of claims related to sentence execution (including jail credit claims) is available only where the petitioner establishes that he has exhausted administrative remedies available through the BOP. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). After a final decision by BOP officials regarding prior custody credit is made, a dissatisfied prisoner may seek judicial review of that administrative action by filing a habeas petition in the district court with jurisdiction over the facility in which petitioner is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Here, nothing in the record suggests that Jennings has utilized the BOP administrative remedies available to him, and I will therefore deny his motion. *United States v. Vance*, 563 F. App'x 277, 278 (4th Cir. 2014) (noting that a prisoner wishing to challenge the BOP's computation of a federal sentence may do so via a petition for habeas corpus after he has "exhaust[ed] available administrative remedies.").

### III. CONCLUSION

For the reasons stated above, I will deny Petitioner's Motion for Amended Judgment and Commitment Order Nunc Pro Tunc (docket no. 73). An appropriate order follows.

ENTER: this __24th__ day of June, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE