# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 6:06-cr-00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARCUS NIKITA JENNINGS, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Marcus Nikita Jennings, a federal inmate, has filed a motion pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as a career offender under United States Sentencing Guideline ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. The government responded, and this matter is now ripe for adjudication. Based on the Supreme Court decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) and a review of the complete record, I must grant the government's motion to dismiss and dismiss Jennings' § 2255 motion.

Jennings pleaded guilty, pursuant to a written plea agreement, to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Presentence Investigation Report ("PSR") recommended that Jennings receive an increased sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The PSR listed the following prior convictions as support for Jennings' career offender enhancement: conspiracy to possess with intent to distribute cocaine and possession of cocaine, and possession with intent to distribute imitation cocaine. PSR ¶¶ 19, 33, 36, ECF No. 40. The PSR recommended an advisory guideline range of 188 to 235 months' incarceration. Id. ¶ 64. I sentenced Jennings to a within-guidelines sentence of 188 months' incarceration. Judgment at 2, ECF No. 36.

Jennings argues that his prior drug convictions no longer support his status as a career offender following the Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). This argument lacks merit.

A defendant with two prior convictions for a "controlled substance offense," or a "crime of violence" is considered a career offender and faces an increased guideline range. U.S.S.G. § 4B1.1. Jennings had two prior convictions for a controlled substance offense. However, he challenges the constitutionality of the definition of "a crime of violence" in U.S.S.G. § 4B1.2(a), which, at the time he was sentenced, included an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." The Supreme Court, in *Johnson*, previously concluded that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to increase a defendant's sentence. *Johnson*, 135 S. Ct. at 2563.

However, the viability of the residual clause in the guidelines has no bearing on Jennings' sentence as he was designated a career offender because of prior drug convictions. Moreover, even if Johnson had prior convictions that qualified as crimes of violence under the residual clause, he could not successfully challenge the guidelines. The Supreme Court, in *Beckles*, held that because the guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces, they are not subject to a constitutional vagueness challenge. 137 S. Ct. at 895.

In addition, Jennings prior drug convictions were properly considered predicate offenses for career offender purposes as those convictions were controlled substance offenses under state law "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(b). Indeed, Jennings was sentenced to ten years' incarceration with nine years suspended on his 2003

2

conviction for conspiracy to possess with intent to distribute cocaine, and five years' incarceration with four years and fifteen days suspended for his 2005 conviction for possession with intent to distribute imitation cocaine. Va. Code § 18.2-248. Jennings' argument that the Virginia state drug state criminalizes "a much greater swath of conduct than is prohibited under the Federal guidelines definition of 4B1.2(b)" and therefore, cannot be used to support his career offender status, is unavailing. Jennings relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), however that case involved an unusual Texas controlled substance offense that permits a jury to conviction someone of "delivery" of a controlled substance simply by offering to sell it, which "criminalizes a greater swath of conduct" than the guidelines. 832 F.3d at 576. However, Va. Code § 18.2-248, the Virginia statute the formed the basis of Jennings' career offender predicate convictions—conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute an imitation controlled substance—does not criminalize this type of less-culpable conduct.

Therefore, Jennings has not shown that he is eligible for relief and his § 2255 petition must be dismissed. *See* 28 U.S.C. § 2255(a) (providing that for a defendant to obtain relief on collateral review, he must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

ENTERED: This __6th__ day of February, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE