CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/14/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:06-cr-00004 |
| v. | MEMORANDUM OPINION |
| MARCUS NIKITA JENNINGS,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Defendant Marcus Nikita Jennings ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 91). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A single count indictment was filed against Defendant on February 2, 2006. (Dkt. 3). On September 2, 2008, Defendant pled guilty to Count One of the Indictment, possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkts. 29–31). Defendant was determined to be a career offender, subjecting him to enhanced penalties in accordance with U.S.S.G. § 4B1.1. (Dkt. 94 at 12). Accordingly, Defendant's Guideline Range was calculated to be 188 to 235 months' imprisonment. (Dkt. 95). Defendant was ultimately sentenced to 188 months' imprisonment. His conviction was affirmed by the Fourth Circuit on May 3, 2010. (Dkt. 51). Defendant then filed a motion to reduce his sentence pursuant to Amendment 750, which was denied due to his career offender status. (Dkt. 59). Defendant most recently filed this motion pursuant to the First Step Act. (Dkt. 91).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was

1

committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act.  The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).  As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1).  Pub. L. No.

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors.  While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams. *Id*.

At the time of Defendant's sentencing, in accordance with U.S.S.G. § 4B1.1, his conviction resulted in a guideline range of 188–235. (Dkt. 95). Under the First Step Act, the guidelines range for Defendant's offense is decreased to 151–188 months. (*Id*.).

The Court has been advised that Defendant's projected release date is September 30, 2025 and that, as of February 6, 2019, he had served approximately 85 months of his sentence. The parties agree that Defendant is eligible for a sentence reduction under the First Step Act. After consideration of the § 3553(a) factors as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence to 151 months, but not less than time served, to be followed by a period of supervised release of three years, is appropriate. All other terms of Defendant's original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 14th day of August 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE